IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CODY KENNEY and MELISSA SKINNER, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CENTERSTONE OF AMERICA, INC., CENTERSTONE OF INDIANA, INC., and CENTERSTONE OF TENNESSEE, INC.,<br><br>Defendants. | Case No. 3:20-cv-01007<br><br>JUDGE ELI J. RICHARDSON<br><br>MAGISTRATE JUDGE BARBARA D. HOLMES |

**ORDER**
**GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiffs Cody Kenney and Melissa Skinner ("Plaintiffs" or "Settlement Class Representatives") and Defendants Centerstone of America, Inc., Centerstone of Indiana, Inc., and Centerstone of Tennessee, Inc., ("Defendants" or "Centerstone") as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited

purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** 9th day of August, 2021,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendants failed to safeguard and protect the personally identifiable information and/or protected health information of its patients and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On May 7, 2021 the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5. In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All individuals who were mailed a notification by or on behalf of Centerstone on or about October 22, 2020 regarding the Data Breach.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. A process for Settlement Class Members to submit claims for compensation that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and Defendants.

   b. A process for Settlement Class Members to submit claims for Identity Theft Monitoring Services.

   c. Defendants to pay all Notice and Claims Administration costs.

   d. Defendants to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel of $410,000, constituting 27 1/3% of the Settlement Cap.

   e. Defendants to pay a Service Award of $2,500 to each of the named Plaintiffs.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11. As of the final date of the Opt-Out Period, 6 potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

14. Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against Defendants and all Released Persons, as defined in the Settlement Agreement, as follows:

> Any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised or asserted in any

pleading or court filing in the Action, including but not limited to those concerning the Centerstone Data Breach.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

15. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

16. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

17. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in

this matter.

  Done and ordered this  9th   day of  August , 2021.

                  _____
                  **HON. ELI J. RICHARDSON**

## **EXHIBIT A**

1. **PATSY GAIL OMALLEY**
2. **TYKA RILEY**
3. **RHONDA A. SWENSGARD**
4. **ELEANOR J. TERRELL**
5. **DAVID R. GLASGOW**
6. **NECIE HUNTER**